## SETTLEMENT BY ADMINISTRATOR OF DECEASED GUARDIAN.

[Hamilton  County  Probate  Court.]

IN RE ESTATE OF ANTHONY BRUCKMANN, DECEASED.

The administrator of a deceased guardian should file the account of the deceased guardian, and turn over the money in his hands to the newly appointed guardian, immediately after his appointment.

NIPPERT, J.

An application has been made in this case for an order to have the administrator settle the accounts of the deceased guardian.

Section 6291 of our statutes says, "That when any guardian has died before the settlement in court of his or her guardianship account, it shall be the duty of the administrator of such deceased guardian to settle said account, in the same manner as such guardian ought to have done." Our Supreme Court has decided on several occasions, that the settlement of the administrator of the deceased guardian is the same in fact as if made by the guardian himself.

The question now is, when should the administrator of the deceased guardian make such settlement?

The death of the guardian causes the expiration of the trust and the new guardian is appointed; the guardianship is in the same condition as if the guardian had resigned or was removed by the court and another guardian appointed.

Clause 4 of Section 6269 of our statutes orders that a guardian at the expiration of his trust must fully account for, and pay over to the proper person, all of the estate of his ward remaining in his hands, so, if the guardian would be living and the trust had expired, it would have been his duty to settle his account, as guardian, immediately at the expiration of his trust. In case of the death of the guardian this duty has to be performed by his administrator; he has to settle the account of the deceased guardian and pay the balance due to the newly appointed guardian.

Section 6175a of our statutes gives an administrator of a deceased administrator six (6) months' time after his appointment to render the final account of decedent's administration.

Section 6291 of our statutes gives no such length of time to the administrator of a deceased guardian. It would create a hardship if it did. The administrator has no right to disburse any funds that came to him from the deceased guardian for the benefit of the ward, and the ward, therefore, would have to suffer until the funds came into the hands of the new guardian. It is my opinion that the administrator ought to file the account for the deceased guardian, and turn over the money in his hands to the newly appointed guardian immediately after his appointment.

The application is granted.

*A. H. Bode,* for the administrator.

*Frank H. Kunkel,* contra.